# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF FLORIDA ex rel., JACK CARREL, MAURICIO FERRER, and SHAWN LOFTIS, | ) ) ) ) ) |
|        Plaintiffs, | ) CASE NO. 14-cv-61301-KMW |
|     vs. | ) ) |
| AIDS HEALTHCARE FOUNDATION, INC., | ) ) ) |
|      Defendant. | ) ) ) |

## STIPULATED PROTECTIVE ORDER

1

In accordance with the Court's directive at the June 10, 2015 Status Conference, Plaintiff-Relators United States of America and the State of Florida ex rel. Jack Carrel, Mauricio Ferrer, and Shawn Loftis ("Plaintiffs") and defendant AIDS Healthcare Foundation, Inc. ("Defendant" or "AHF"), and their respective attorneys of record, have stipulated to the terms of a Protective Order as indicated herein. Where the parties were unable to agree, they have each set forth their requested language and reasoning in support of their position for the Court's consideration.

## PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of certain confidential, proprietary, private or trade secret information.  Moreover, the Plaintiffs and their counsel currently possess voluminous materials obtained through or in connection with Plaintiffs' employment with AHF, which also contains confidential information, including privileged and Protected Health Information (as defined below). Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order governing confidential material.

The parties shall follow the applicable rules when seeking permission from the Court to file material under seal.

Notwithstanding anything in this Stipulated Protective Order, the parties agree that Disclosure or Discovery Material, as defined in Section I(B) below, shall not be used by the Receiving Party, as defined in Section I(D) below, for any purpose other than for prosecuting or defending this action, unless otherwise agreed to by the parties in writing.

## I.    DEFINITIONS

**A.    Party or Parties**: any and all parties to this action and the related action (AHF v. Carrel et al., Case no. 15-cv-21546-KMW) including all of its or their officers, directors, owners, members, partners, trustees, beneficiaries, employees, consultants, retained experts, attorneys, and Outside Counsel (and their support staff).

**B.    Disclosure or Discovery Material**:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things,

testimony, transcripts, or tangible things) that are voluntarily exchanged, produced or generated by any Party or non-party in disclosures or responses to discovery in this matter.

C.    **AHF/Relator Material:**  all items or information in Plaintiffs' (including Plaintiffs' counsels' and Plaintiffs' counsels' Outside Counsel's) possession or control that was originally generated, stored, or maintained at AHF and/or obtained from AHF during or by virtue of or in connection with plaintiffs' employment at AHF.

D.    **Receiving Party**:  a Party that already possesses AHF/Relator Material or receives Disclosure or Discovery Material from a Producing Party.

E.    **Producing Party**:  a Party or non-party that produces Disclosure or Discovery Material in this action.

F.    **Designating Party**:  a Party or non-party that designates information or items that it or any other Party possesses or produces in disclosures or in responses to discovery as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" as these terms are defined below.

G.    **"CONFIDENTIAL" Information or Items**:  information (regardless of how generated, stored, or maintained) or tangible things that a Designating Party believes in good faith is confidential under applicable state or federal  law.  Confidential information or items generally include materials used by it in or pertaining to its business, which matter is not generally known and which the Designating Party would not normally reveal to third parties or would cause third parties to maintain in confidence.

H.    **"ATTORNEYS' EYES ONLY" Information or Items:**  information (regardless of how generated, stored, or maintained) or tangible things that a Designating Party believes in good faith to be extremely confidential and/or sensitive in nature and reasonably believes that their disclosure is likely to cause economic or other harm to the Producing Party or third parties.  The Parties agree that the ATTORNEYS' EYES ONLY designation includes the following categories of information:  (i) non-public damages-related and financial information, including confidential pricing, profit, sales, or other financial information; (ii) confidential business, marketing, or strategic plans, including

business, marketing, and technical information regarding future products; (iii) highly confidential and commercially sensitive trade secrets or technical information, and (iv) Protected Health Information (subject to Section IV(E), below) .

**H.** **Protected Material**:  any Disclosure or Discovery Material or AHF/Relator Material that is "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY."

**I.** **Protected Health Information**:  shall include protected health information as defined in 45 C.F.R. § 160.103, as well as all individually-identifiable health or medical information protected under state laws.  Protected Health Information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental health or condition of an individual, (b) the provision of health care to an individual, or (c) the past, present or future payment for health care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

**J.** **Outside Counsel:**  attorneys not employed by the Parties who are retained to represent or advise a Party in this action or a related action.

**K.** **Expert:**  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who has been approved to receive Protected Material in accordance with Section VI(F) below.

**L.** **Professional Vendors**:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## II.   <u>SCOPE</u>

The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel in any settings that the Designating Party believes in

good faith might reveal Protected Material.  All notes, memoranda, reports, and other written communications that quote or attach information contained in Protected Material shall be given the same protections under this Stipulated Protective Order as though they were designated as Protected Material. This Stipulated Protective Order shall not apply to testimony, exhibits, or presentations at Court hearings, trial, or other Court proceedings. The Parties shall take up matters of confidentiality with the Court or judicial officer conducting such proceeding at the appropriate time in an effort to protect the material that is the subject of this Stipulated Protective Order, subject to such Court or judicial officer's determination regarding how to treat such material at such proceeding.

## III.  <u>DURATION</u>

Even after the termination of this litigation, except with regard to any evidence, testimony, or exhibits submitted at trial—whether by settlement, discontinuance, dismissal, severance, judgment or other disposition—the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## IV.  <u>DESIGNATING PROTECTED MATERIAL</u>

**A.  Manner and Timing of Designations of AHF/Relator Material.**  The Plaintiffs shall provide to Defendant a complete electronic copy of all AHF/Relator Material presently within its possession within fourteen (14) days of the entry of this Order.  Within twenty-one (21) days of service of the copy, AHF shall review the AHF/Relator Material in order to identify privileged and/or Protected Health Information and designate Protected Material.  Should AHF determine that it needs additional time to conduct its review, it shall meet and confer with Plaintiffs, who shall agree to a reasonable extension of time for AHF to complete its review. Until AHF's review of the AHF/Relator Material is complete, all AHF/Relator Material shall be deemed Protected Material.

*<u>Plaintiffs' Proposed Language:</u>*

1.  **AHF/Relator Material that is privileged or constitutes Protected**

**Health Information**:  AHF shall promptly notify the Plaintiffs in writing of any claim of privilege, including Attorney-Client and Attorney Work Product privileges, with respect to the AHF/Relator Material, as well as any AHF/Relator Material constituting Protected Health Information.  Promptly upon notification, and in no event later than five (5) business days after giving written notice, AHF shall undertake the appropriate meet-and-confer process. If the Parties are unable to resolve any dispute they have concerning the further possession or use of privileged or Protected Health Information AHF/Relator Material in the litigation, AHF may file, within ten (10) days of meeting and conferring with Plaintiffs, an appropriate motion or application as provided by the Court's procedures to compel return of such material or to prevent use of such material in the litigation.

### _Plaintiffs' Position:_

The False Claims Act, 31 U.S.C. §§ 3729 et seq., allows any person to bring a civil action "for the person and for the United States government" for a violation of 31 U.S.C. § 3729. _See_ 31 U.S.C. § 3730(b)(1). The Act requires a relator to serve upon the government a copy of the complaint "and written disclosure of substantially all material evidence and information the person possesses." 31 U.S.C. § 3730(b)(2). Thus, by its terms, the Act anticipates that a relator will obtain specific evidence of fraud before pursuing a claim under the Act. Indeed, one of the chief purposes of the Act "is to encourage those with knowledge of fraud to come forward." _U.S. ex rel. Head v. Kane Co._, 668 F.Supp.2d 146, 152 (D.D.C. 2009) (internal citations omitted). And documentary evidence of fraud is often required to pursue a qui tam action because of the pleading requirements of Fed. R. Civ. P. 9(b). _See U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc._, 290 F.3d 1301, 1311 (11th Cir. 2002); _U.S. ex rel. Mastej v. Health Mgmt. Assoc., Inc._, 591 F.App'x 693, 703-04 (11th Cir. 2014). Requiring the Relators and their attorneys to return the evidence of fraud they have obtained would clearly frustrate the intent of the False Claims Act. _See Head_, 668 F.Supp.2d at 152 ( requiring relator to return evidence would "frustrate the purpose of [31 U.S.C. § 3730(b)(2)]").

Nor is return of such information supported by HIPAA, which contains a whistleblower exception under which a "workforce member" of a covered entity (such as AHF) may disclose patient information to "[a]n attorney retained by or on behalf of the workforce member…for the purpose of determining the legal options of the workforce member." 45 C.F.R. § 164.502(j). The U.S. Department of Health and Human Services has explicitly stated that its "purpose in including this

provision is to make clear that [it was] not erecting a new barrier to whistleblowing, and that covered entities may not use this rule as a mechanism for sanctioning workforce members or business associates for whistleblowing activity." *See United States v. Boston Scientific Neuromodulation Corp.*, No. 2:11-cv-1210(SDW)(MCA), 2013 WL 2404816, at *8 (D. N.J. May 31, 2013) (citing 45 Fed. Reg. 82,501, 82,636 (Dec. 28, 2000)).

The majority of the AHF/Relator material was obtained by Jack Carrell as an employee and AHF did not ask for it back at the time of his termination.  Relators contend that the information in question is evidence of both a civil and criminal fraud against the government, that any contract provisions purporting to prevent its disclosure are void as against public policy and because they would impermissibly frustrate the purpose of the False Claims Act.   AHF's argument that the whistleblower exception does not apply because Jack Carrel was no longer employed by AHF at the time he disclosed the information must fail because this interpretation of the regulation would permit AHF to unilaterally block a whistleblower from disclosing evidence of fraud by simply and expediently terminating the employee before he or she had chance to pass on the information.  That is not a reasonable interpretation and, in fact, the regulation does not state whether the "workforce member" must be a current employee.  The language of the regulation speaks of "*Disclosures by whistleblowers and workforce member crime victims*," and "*Disclosures by Whistleblowers*," suggesting a much broader scope than AHF is urging here.  Moreover, HIPAA governs only covered entities and business associates, so if AHF's interpretation were accepted for purposes of the whistleblower regulation, then Jack Carrel would not have even been governed by HIPAA at the time he disclosed the information to counsel. And neither Relators nor their counsel are governed by HIPAA now.

Finally, while the confidentiality provisions in Florida law set forth certain confidentiality standards, they do not mandate return of the materials in question or even speak to that issue.  And to the extent the law were read to impose such a requirement, it would be void under the Supremacy Clause as frustrating the purpose of the False Claims Act.

### *AHF's Proposed Language:*

1.    **AHF/Relator Material that is privileged or constitutes Protected Health Information**:  AHF shall promptly notify the Plaintiffs in writing of any claim of privilege, including Attorney-Client and Attorney Work Product privileges, with respect to the AHF/Relator Material, as well as any AHF/Relator Material constituting Protected Health Information.  Promptly upon notification, and in no event later than five (5)

business days after receiving notice, the Defendants shall return and/or destroy all copies of the AHF/Relator Material identified in the notice as privileged or as Protected Health Information, and shall certify in writing that it has done so.  (The destruction of Protected Health Information shall meet the standards regarding destruction of Protected Health Information in Section VI(E) below).  In so doing, the Plaintiffs shall not waive or prejudice any challenge it may have to the alleged privileged or Protected Health Information status of the AHF/Relator Material.  If, after undertaking an appropriate meet-and-confer process, the Parties are unable to resolve any dispute they have concerning the further possession or use of privileged or Protected Health Information AHF/Relator Material in the litigation, the Plaintiffs may file the appropriate motion or application as provided by the Court's procedures to allow continued possession or use of such material in the litigation.

### *AHF's Position:*

AHF believes that Plaintiffs must be ordered to return and/or destroy all copies of AHF/Relator Material identified by AHF, after inspection, as attorney/client privileged and Protected Health Information for the following reasons:

A.     Attorney-Client Privileged, Work Product and Other Privileged Documents

The volume of documents in the Relators' possession – and the circumstances under which Relators came to possess the documents - strongly suggests that privileged documents are included, including but not limited to AHF communications with in-house and outside counsel to which Relators may have had access while employed at AHF.  In the case of inadvertent disclosures of potentially privileged documents, upon notice of a privilege designation, counsel in possession of such documents are required to "promptly return, sequester or destroy the specified information and any copies it has," as well as not use or disclose the documents until the claim is resolved.  FRCP 26(b)(5)(B); FRE 502(b).  Here, there has been no inadvertent disclosure but rather, relators took potentially privileged documents from AHF and should not be permitted to retain them, even if sequestered.  Indeed, counsel is under an ethical obligation not to view potentially privileged documents.  Accordingly, there is no practical reason for counsel to retain copies of documents designated privileged, and requiring their destruction and return would mitigate against any inadvertent review pending any court review. In the event the Court permits relators counsel to retain potentially privileged documents pending court review of designations, AHF

requests that all protections contained in FRCP 26(b)(5)(B) be incorporated by specific reference in the Protective Order.

B.    Protected Health Information

Plaintiffs have no right to the Protected Health Information they possess.  As explained by Plaintiffs' counsel, the PHI was obtained by plaintiff Jack Carrel, who did not return it to AHF upon termination of his employment.  Plaintiffs have contended they may use the PHI under HIPAA's whistleblower exception, 45 C.F.R. § 164.502(j), but that provision provides no safe harbor.  The exception only applies to disclosures made by a member of the workforce or business associate.   Plaintiffs have not contended that Carrel disclosed any of the information to his attorney while employed by AHF.  The timing of the action strongly suggests he did not, as he ceased working at AHF by August 2013, and none of the exhibits attached to the First Amended Complaint were part of the Original Complaint filed June 4, 2014.

In addition, HIPAA is superseded by more stringent state law.  See, 45 C.F.R. 160.203(b); 45 C.F.R. 160.202 [defining "more stringent"].   At this time, we know from Plaintiffs' Exhibit 4 that Plaintiffs are in possession of HIV testing information of at least 840 individuals from at least three states (Georgia, Florida, and California) and the District of Columbia.  We have not surveyed each state, but in general, states highly protect information about HIV testing.  For example, Florida prohibits disclosure of or access to HIV test information except in certain statutorily defined situations which does not include former employees wishing to sue their employers.  Fla. Stat. § 381.004.  By not including an exception where HIPAA does, the Florida Legislature implicitly recognized the stigma still attached to HIV, and determined that it is more important to protect the identities of people living with HIV than allow that information to be taken by purported whistleblowers and used in their litigation without the individuals' consent.  See also Cal. Health & Safety Code § 121025 (California).

Alternatively, Plaintiffs' copies of any PHI should be held by the court until there is a determination by the court as to whether the plaintiffs have any right to use the information as evidence should the matter go to trial.  If they have no right, as AHF contends, then they should not have custody of the information.


2.    Any AHF/Relator Material identified and designated by AHF as

Protected Material  shall be subject to all protections and procedures regarding Protected

Material set forth in the Order, absent a court order to the contrary.

**B.    Manner and Timing of Designations of Disclosure or Discovery Material.**  Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulated Protective Order must be clearly so designated in one of two ways: (1) before the material is disclosed or produced or (2) with respect to AHF/Relator Material already in Plaintiffs' possession, as described in section IV.A, above.  Designation in conformity with this Stipulated Protective Order requires the following:

*__Plaintiffs' Proposed Language:__*

1.    __For information in documentary form__ (apart from transcripts of depositions or other pretrial or trial proceedings):  the Producing Party or AHF (in the case of AHF/Relator Material) must affix the legend "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains protected material, including on each page of any electronically produced document.

*__Plaintiffs' Position__*:

Same as above under section IV.A.1.

*__AHF's Proposed Language:__*

1.    __For information in documentary form__ (apart from transcripts of depositions or other pretrial or trial proceedings):  the Producing Party or AHF (in the case of AHF/Relator Material *retained by Plaintiffs after return of privileged and Protected Health Information under Section IV.A*) must affix the legend "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains protected material, including on each page of any electronically produced document.

*__AHF's Position:__*

Same as above under section IV.A.1.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order, and before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" legend at the top or bottom of each page that contains protected material.  If only a portion of a document or portions of the material on a page qualifies for protection, the Designating Party must clearly identify the protected portion(s).  The affixing of "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" shall not cover any wording on the subject document. Nothing in this paragraph shall imply or require that a Party shall allow inspection of privileged information or any other information not discoverable by law.

2.     For testimony given in deposition:  all transcripts will automatically be designated "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" from the day of the deposition or proceeding to fourteen (14) calendar days after receipt of the final original transcript by the witness or the witness' attorney.  During this period of automatic designation, the Designating Party may provide written designations of those portions of the testimony that qualify for protection under this Stipulated Protective Order.  If such written designations are submitted, then the final transcript will be revised to reflect those designations.  After the expiration of this period of automatic designation, if no written designations are submitted by the Designating Party, then the entire transcript will be deemed non-confidential, and the transcript will be revised to remove all confidentiality designations.

3.     For information produced in some form other than documentary, and for any other tangible items:  the Producing Party must affix the legend "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" in a prominent place on the

11

exterior of the container or containers in which the information or item is stored or in some other reasonable fashion depending on the form of the material.  If that matter is stored or recorded electronically (including information databases, images, or programs stored on computers, discs, networks or backup tapes) and a legend cannot be affixed upon it, the Designating Party may designate such material as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" by cover letter identifying the Protected Material.  AHF and Relators, if not the Producing Party, shall also have the right to designate such materials for confidential treatment in accordance with this Stipulated Protective Order by written notice.  If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall designate the protected portions only.

 **C.** **Inadvertent Failures to Designate.**  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material.  If material is appropriately designated after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.  As used in this Stipulated Protective Order, an act is "timely" if it does not unduly prejudice another party.

 **D.** **Production of Privileged or Otherwise Protected Material.**  Pursuant to Federal Rule of Evidence 502(d), if in connection with the Litigation documents or information subject to a claim of attorney-client privilege, work product protection and/or any other privilege or protection from disclosure are disclosed ("Disclosed Information") by the Producing Party, the disclosure of such Disclosed Information shall not constitute or be deemed a waiver of any claim of attorney-client privilege, work product protection or any other privilege or protection that the Disclosing Party would otherwise be entitled to assert with respect to the Disclosed Information and its subject matter.

 The Producing Party shall promptly notify the Receiving Party in writing of any claim of privilege with respect to Disclosed Information upon discovering the inadvertent

disclosure.  Promptly upon notification, and in no event no later than five (5) business days after receiving notice, the Receiving Party shall return and/or destroy all copies of the Disclosed Information identified in the notice, and shall certify in writing that it has done so.  In so doing, the Receiving Party shall not waive or prejudice any challenge it may have to the alleged privileged status of the Disclosed Information.  If, after undertaking an appropriate meet-and-confer process, the parties are unable to resolve any dispute they have concerning the Disclosed Information, the Receiving Party may file the appropriate motion or application as provided by the Court's procedures to compel production of such material.

## V.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

### *Plaintiffs' Proposed Language:*

**A.  Meet and Confer.**  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation (the "Challenging Party") must do so in good faith and in accordance with the Court's Local Rules .  In conferring pursuant to the Court's Local Rules, the Designating Party must explain the basis for its belief that the confidentiality designation was proper and must give the Challenging Party, or its counsel if designated Attorney's Eyes Only, an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. If a confidentiality designation is challenged in Court, the burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the protection to which it is entitled under the Producing Party's designation.

### *Plaintiffs' Position:*

AHF bears the burden of supporting its confidentiality designations. It should also be required, as the party making those designations, to bear the responsibility of meeting and conferring and ultimately supporting those confidentiality designations, which will ensure that they are made only with due consideration.

*AHF's Proposed Language*:

**A.    Meet and Confer.**  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation (the "Challenging Party") must do so in good faith and in accordance with the Court's Local Rules .  In conferring pursuant to the Court's Local Rules, *the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party*, or its counsel if designated Attorney's Eyes Only, an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. If a confidentiality designation is challenged in Court, the burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the protection to which it is entitled under the Producing Party's designation.

*AHF's Position*:
The Designating Party should not have the burden to justify through meet and confer and potentially seek Court approval of every designation.  The designations will be made in good faith, and the Receiving Party should be required to initiate dialogue on any designations with which it disagrees.  Although the burden of persuasion for the designation rests with the Designating Party, the practical burden of initiating the meet and confer and, if not successful, to petition the Court should be upon the Receiving Party.  The structure proposed by relators will create significant additional work for the Designating Party rather than streamline the limited number of designations at issue by requiring the Receiving Party to contest whatever designations it believes are improper.

## VI.    ACCESS TO AND USE OF PROTECTED MATERIAL

**A.    Basic Principles.**  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section VI(E) and IX below.  Protected Material must be stored and maintained by a Receiving Party at a location and

in a secure manner that reasonably ensures that access is limited to the persons authorized under this Stipulated Protective Order.

      **B.**    **Disclosure of "CONFIDENTIAL" Information or Items.**  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

      1.    The Receiving Party's in-house and Outside Counsel of record in this action, as well as employees and consultants of said Counsel to whom it is reasonably necessary to disclose the information for this litigation, where Outside Counsel and their consultants have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A);

      2.    The Receiving Party, if that party is an individual, or if the Receiving Party is an entity, then its officers, directors, owners, members, partners, trustees, beneficiaries, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

      3.    Experts (as defined in this Stipulated Protective Order) of the Receiving Party, and their administrative support staff if any, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A);

      4.    The Court and its personnel; however, any material designated CONFIDENTIAL, shall only be filed pursuant to Section VIII;

      5.    Neutral evaluators, mediators or arbitrators assigned to the case by the Court or retained for the case by the mutual agreement of the Parties; however, any material designated CONFIDENTIAL, shall only be provided to the evaluators, mediators, arbitrators under a stipulation of confidentiality, for use solely in the evaluation, mediation or arbitration;

      6.    Professional Vendors for services such as copying, scanning, or electronic document processing to whom disclosure is reasonably necessary for this litigation, where the Professional Vendor has signed the "Acknowledgment and

Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court;

7.      Court reporters and their staff to whom disclosure is reasonably necessary for this litigation;

8.      During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court; provided that such witness shall not be permitted to retain the CONFIDENTIAL Information after the deposition if not already in their possession prior to the action;

9.      Any author or recipient of the document or the original source of the information disclosed in the document, provided that such person shall not be permitted to retain the CONFIDENTIAL Information if not already in their possession prior to the action; and

10.     The Receiving Party's insurance carrier or carriers to the extent reasonably related to any actual or potential coverage in connection with this litigation, where the carrier has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.

**C.      Disclosure of "ATTORNEYS EYES' ONLY" Information or Items.**  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

1.      The Receiving Party's Outside Counsel of record in this action, as well as employees and consultants of said Counsel to whom it is reasonably necessary to disclose the information for this litigation, where Outside Counsel and consultants have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A); for purposes of clarification, a Receiving Party is *not* permitted to view ATTORNEYS' EYES ONLY Information except its Outside Counsel;

2.      Experts (as defined in this Stipulated Protective Order) of the Receiving Party, and their administrative support staff if any, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and

16

Agreement to Be Bound by Protective Order" (Exhibit A);

       3.     The Court and its personnel; however, any material designated ATTORNEYS' EYES ONLY shall only be filed pursuant to Section VIII;

       4.     Neutral evaluators, mediators or arbitrators assigned to the case by the Court or retained for the case by the mutual agreement of the Parties; however, any material designated ATTORNEYS' EYES ONLY, shall only be provided to the evaluators, mediators, or arbitrators under a stipulation of confidentiality, for use solely in the evaluation, mediation or arbitration;

       5.     Professional Vendors for services such as copying, scanning, or electronic document processing to whom disclosure is reasonably necessary for this litigation where the Professional Vendor has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court;

       6.     Court reporters and their staff to whom disclosure is reasonably necessary for this litigation;

       7.     During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court, and provided that such person shall not be permitted to retain the ATTORNEYS' EYES ONLY Information after the deposition if not already in their possession prior to the action;

       8.     Any author or recipient of the document or the original source of the information disclosed in the document; provided that such person shall not be permitted to retain the ATTORNEYS' EYES ONLY Information if not already in their possession prior to the action; and

       9.     The Receiving Party's insurance carrier or carriers to the extent reasonably related to any actual or potential coverage in connection with this litigation, where the carrier has signed the "Acknowledgment and Agreement to Be Bound"

(Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.

**D.     Limitations on Use of Protected Material.**  Counsel who makes CONFIDENTIAL or ATTORNEYS' EYES ONLY Protected Material available to persons set forth in Sections VI(B)-(C) above, shall be responsible for acting in good faith by disclosing only as much information as is reasonably necessary and limiting distribution thereof to those persons authorized under this Protective Order.  All copies of such Protected Material disclosed shall be subject to the same restrictions imposed herein on original materials.  Any person having access to such Protected Material whose participation in this litigation has been terminated or otherwise concluded shall return or destroy all such Protected Material as soon as practicably possible thereafter to the Receiving Party's counsel of record, but in no event longer than thirty (30) days after the termination or conclusion of the participation.

**E.     Special Safeguards for Protected Health Information.**  Nothing in this Stipulated Protective Order require AHF to produce Protected Health Information that is not discoverable under federal or state law, nor shall anything in this Order waive AHF's right to object to the production of any Protected Health Information, in whole or part, under federal or state laws.  However, to the extent production of such information is ordered by the Court or required by law, the Receiving Party will safeguard the information in a physically secure location and, for electronic records, also encrypt the data per HIPAA standards.  Such information shall be automatically designated ATTORNEYS' EYES ONLY. In addition to other applicable provisions in this Stipulated Protective Order, and superseding any contrary provisions, in it:

1.     The Receiving Party may only disclose Protected Health Information to those individuals described in Section VI(C) above who need to know the Information for  purposes of this litigation.  Receiving Party's Outside Counsel will act in good faith by disclosing no more Protected Health Information than is reasonably necessary for the individuals to perform their litigation-related function, and for the persons described in

Section VI(C)(1), (2), (4), (5), and (9), Receiving Party's Outside Counsel will disclose Protected Health Information only after obtaining a written agreement from the persons to abide by the terms of this section (E) with respect to using and safeguarding the Protected Health Information and returning it to Receiving Party Counsel or destroying it to HIPAA standards within 30 days of final termination of this action (e.g., a Court order terminating this action and from which no appeal is taken).

2.      The Protected Health Information, including all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Health Information, held by any person described in Section VI(C)(1), (2), (4), (5), and (9), shall be (a) returned to AHF by each Receiving Party's Outside Counsel within forty-five days of final termination of this action, or (b) if return is not reasonably feasible as determined by AHF, destroyed pursuant to HIPAA standards, with written assurances of such destruction, signed under penalty of perjury, provided to AHF by the Receiving Party's Outside Counsel.

3.      Any Protected Health Information destroyed pursuant to this Section VI(E) must be destroyed pursuant to United States Department of Health and Human Services "Guidance to Render Unsecured Protected Health Information Unusable, Unreadable or Indecipherable to Unauthorized Individuals," *e.g.,* by shredding or destroying any paper, film, or hard copy media such that the Protected Health Information cannot be read or reconstructed, and by clearing, purging, or destroying electronic media consistent with NIST Special Publication 800-88, Guidelines for Media Sanitation, such that the Protected Health Information cannot be retrieved.

4.      Nothing in this Order authorizes counsel for the Plaintiffs to obtain medical or health records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.  Nothing in this section or in this Stipulated Protective Order waives or limits the protections afforded to the parties by the applicable Federal Rules of Civil Procedure.

      **F.**    **Maintenance of Signed Agreements.**  Counsel for the Receiving Party wishing to disclose Protected Material to a person required to execute a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A) shall be responsible for obtaining such acknowledgement prior to disclosure, and shall maintain the original signed "Acknowledgement and Agreement(s) to Be Bound by Protective Order."

      **G.**    **Disclosure Not Otherwise Authorized.**  In the event that counsel representing any Party in this action believes that it is necessary to disclose Protected Material to an individual or entity to whom disclosure is not permitted by this Stipulated Protective Order, such counsel shall make a written request (delivered by hand, email or fax) to counsel for the Designating Party identifying the individual to whom it is desired to make such disclosure and the specific Protected Material involved, and notifying the Designating Party through its litigation counsel that they have ten (10) business days to object to such disclosure.  Within ten (10) business days of the request, counsel for the Designating Party may object to such disclosure by delivering by hand, email, or fax a written objection to counsel serving the disclosure request.  Failure to so object constitutes consent to such disclosure.

      In the event that a Designating Party objects to such disclosure, such Protected Material shall not be disclosed to any individual other than those to whom disclosure is permitted by the provisions of this Stipulated Protective Order until such dispute has been resolved by agreement of the Parties or, after the Parties engage in a good faith meet and confer about this issue (which conference is to occur within five business days of a written request therefor), by order of the Court.

**VII.**   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

      If a Receiving Party is served with a subpoena or an order issued under the authority of any court or arbitral, administrative, or legislative body, that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" to the extent not violative of any statute, rule, or order applicable to such party in such litigation, the Receiving Party must so notify the

Designating Party, in writing (by hand, email or fax), promptly and in no event more than five (5) court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material to the extent permissible by such court.  If Designating Party does not move for a protective order within fifteen (15) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such Protected Material in response thereto.  Nothing in this Stipulated Protective Order is intended or should be construed as authorizing a party to disobey a lawful subpoena issued in another action.

**VII.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A. Nothing in this provision shall relieve Receiving Party of any liability it may incur to any Party or third parties as a result of its inadvertent unauthorized disclosure.

21

## VIII.  FILING PROTECTED MATERIAL

In accordance with the Court's Local Rules, if any papers to be filed with the Court contain information and/or documents that have been designated as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

## IX.  FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within ninety (90) days after the final termination of this action (e.g., a Court order terminating this action and from which no appeal is taken), each Receiving Party must make reasonable efforts to return or destroy the Protected Material.  As used in this Section IX, "Protected Material" shall exclude Protected Health Information, whose return and destruction shall be governed by Section VI(E) above, but includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the ninety-day deadline that affirms that the Receiving Party has taken reasonable efforts to comply with the foregoing provisions, and has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  "Reasonable efforts" shall not require the return or destruction of Protected Material that (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes, (ii) is located in the email archive system or archived electronic files of departed employees, or (iii) is subject to legal hold obligations. Backup storage media will not be restored for purposes of returning or certifying destruction of Protected Material, but such retained information shall continue to be treated in accordance with the Order.  However, as to those items retained pursuant to (i),

(ii), or (iii), the Receiving Party shall take appropriate steps to prevent disclosure in a manner contrary to this Stipulated Protective Order of such Protected Material, which shall remain subject to this Stipulated Protective Order as set forth in Section III above. Notwithstanding this provision, counsel are entitled to retain archival copies and are not required to return or destroy copies of all pleadings, motion papers, written discovery, transcripts, legal memoranda, correspondence, attorney-client communications or attorney work product, even if such materials contain Protected Material, provided that such counsel take appropriate steps to prevent the disclosure in a manner contrary to this Stipulated Protective Order of such Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section III above.

## X.   **MISCELLANEOUS**

**A.   Right to Further Relief.**  Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

**B.   Admissions and Waivers.**  Neither the entry of this Order, nor the designation of any information or documents as "CONFIDENTIAL" and/or ATTORNEYS' EYES ONLY" or failure to make such a designation, shall constitute evidence or any admission with respect to any issue in the case, and shall not constitute a waiver of any objections to the disclosure of such information.  Nothing in this Stipulated Protective Order shall be construed as waiving any objections of either Party as to the admissibility of a particular document into evidence.  Moreover, nothing in this Stipulated Protective Order shall be construed to require any Party to disclose to any other Party any "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" information, or to prohibit any Party from refusing to disclose "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" information to any other Party.

**C.   Right to Assert Other Objections.**  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.

IT IS SO STIPULATED.


DATED:  June 17, 2015         Jeffrey A. Neiman - Bar No. 544469
jneiman@mnrlawfirm.com
MARCUS NEIMAN & RASHBAUM LLP
100 Southeast Third Avenue, Suite 805
Fort Lauderdale, Florida  33394
Tel:  (954) 462-1200
Fax:  (954) 688-2492

Mitchell A. Kamin – CA State Bar No. 202788
Paul S. Chan – CA State Bar No. 183406
Marc E. Masters – CA State Bar No. 208375
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110


By:      s/ Jeffrey A. Neiman
Attorneys for Defendant AIDS Healthcare
Foundation, Inc.

Theodore J. Leopold (FL Bar No. 705608)
Diana L. Martin (FL Bar No. 624489)
Leslie M. Kroeger (FL Bar No. 989762)
COHEN MILSTEIN SELLERS & TOLL PLLC
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Tel.  (877) 515-7955
Fax  (561) 515-1401

Jeanne A. Markey (*Pro Hac Vice to be filed*)
Gary L. Azorsky (*Pro Hac Vice to be filed*)
COHEN MILSTEIN SELLERS & TOLL PLLC
3 Logan Square, 1717 Arch Street
Suite 3610
Philadelphia, PA 19103
Tel.  (267) 479-5703
Fax (267) 479-5701

James P. Gitkin (FL Bar No. 570001)
SALPETER GITKIN, LLP One East Broward Boulevard,
Suite 1500
Fort Lauderdale, FL 33301
Tel. (954) 467-8622
Fax (954) 467-8623

Geoffrey R. Kaiser, Esq. *(admitted Pro Hac Vice)*
KAISER LAW FIRM, PLLC
926 RXR Plaza
Uniondale, New York 11556-0926
Tel. (516) 570-3071
Fax (516) 570-3071


By:      s/ Theodore J. Leopold
_____
         Attorneys for Relators