UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO: 0:14-CV-61301-KMW

UNITED STATES OF AMERICA and THE
STATE OF FLORIDA *ex rel.*, JACK
CARREL, MAURICIO FERRER, and
SHAWN LOFTIS,

        Plaintiffs,

v.

AIDS HEALTHCARE FOUNDATION, INC.,

        Defendant.

_____/



FILED by ___ D.C.
AUG 07 2015
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

## AIDS HEALTHCARE FOUNDATION'S UNOPPOSED MOTION TO FILE MOTION TO DISMISS UNDER SEAL

Defendant AIDS Healthcare Foundation, Inc. ("AHF"), pursuant to Local Rule 5.4, respectfully moves the Court for an order permitting AHF to file an unredacted copy of its Motion to Dismiss the Third Amended Complaint under seal. In support of this motion, AHF states:

1. On July 10, 2015, with leave from the Court, the plaintiffs filed a Third Amended Complaint (the "Complaint"). *See* (DE 59). The plaintiffs moved to file an unredacted version of the Complaint under seal because it "contains sensitive health information about individuals who have been diagnosed with HIV." *See* (DE 61 at ¶ 1). Specifically, the plaintiffs claimed that the unredacted Complaint contains "detailed information regarding the medical treatment of two HIV-positive individuals who received medical services from AHF as a result of illegal referrals." *See id.* at ¶ 2. The Court granted the motion, and an unredacted version of the Complaint was filed under seal. *See* (DE 66).

2. On July 22, 2015, the Court entered a Protective Order that, among other things, requires the parties to file under seal any papers with the Court containing HIPAA-protected

information as well as health or medical information protected under state law. *See* (DE 65 at § 8). The Protective Order instructs the parties to file redacted versions of motions that contain such information, and to file the unredacted version under seal. *See id.*

3. In response to the Complaint, AHF is filing a Motion to Dismiss, which discusses, among other things, the allegations in the sealed Complaint relating to sensitive AHF patient information and which will enclose a document containing sensitive and protected AHF patient information. Specifically, the unredacted Motion to Dismiss will attach AHF patient information relating to services rendered by AHF, and to payment for those services. Although there is reason to believe that the AHF patient whose medical information is at issue has already publicly disclosed his health condition, AHF still believes that sealing is appropriate until and unless the Court orders otherwise given the sensitivity of the information and the protection generally afforded patient health information under state and federal law.

4. Thus, in accordance with the Protective Order and to ensure the privacy of sensitive AHF patient information, AHF will be filing a redacted version of the Motion to Dismiss on the public docket and seeks leave from the Court to file an unredacted version of its Motion to Dismiss the Complaint under seal.

5. Based on these facts, an order granting AHF leave to file its unredacted Motion to Dismiss under seal is appropriate and justified. In *Romero v. Drummond*, the Eleventh Circuit set forth the standard for deciding whether sealing a court filing is appropriate: There, the Eleventh Circuit stated:

> The common law right of access [to court filings] may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential. Whether good cause exists ... is ... decided by the nature and character of the information in question. In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors,

whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information.

See 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotations and citations omitted).

6. Under the *Romero* standard, good cause exists to seal AHF's Motion to Dismiss the Complaint, because it involves and addresses allegations regarding protected patient information about AHF patients who have allegedly tested positive for HIV—allegations which themselves have been filed under seal—and because it encloses documents containing protected health information regarding an AHF patient. Indeed, in the Protective Order, the Court has expressly ordered that the parties redact any such information in public filings. Moreover, except by making a sealed submission, there is no alternative means by which AHF can address in its Motion to Dismiss the sensitive information in the Complaint that is under seal or proffer to the Court protected health information that it submits in support of its motion.

7. Accordingly, AHF respectfully submits that an order permitting it to file under seal an unredacted version of the Motion to Dismiss should be entered.

For the foregoing reasons, AHF respectfully requests that the Court grant it leave to submit an unredacted version of the Motion to Dismiss under seal.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Counsel for AHF has conferred with counsel for the plaintiffs regarding the relief sought herein, and the plaintiffs do not object to the sealing of AHF's unredacted Motion to Dismiss.

DATED: August 7, 2015     Jeffrey A. Neiman – Bar No. 544469
                          jneiman@mnrlwfirm.com
                          Jeffrey E. Marcus – Bar No. 310890
                          jmarcus@mnrlawfirm.com

**MARCUS NEIMAN & RASHBAUM LLP**
100 Southeast Third Avenue, Suite 805
Fort Lauderdale, FL 33394
Tel: (954) 462-1200
Fax: (954) 688-2492

Mitchell A. Kamin – CA State Bar No. 202788
Paul S. Chan – CA State Bar No. 183406
Marc E. Masters – CA State Bar No. 208375
**BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110


By:   /s/ Jeffrey E. Marcus

Attorneys for Plaintiff AIDS Healthcare Foundation, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2015, a true and correct copy of the foregoing was served via e-mail on all counsel or parties of record on the service list.

By: /s/ Jeffrey E. Marcus
Jeffrey E. Marcus