UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO: 0:14-CV-61301-KMW

UNITED STATES OF AMERICA and THE
STATE OF FLORIDA *ex rel.*, JACK
CARREL, MAURICIO FERRER, and
SHAWN LOFTIS,

        Plaintiffs,

v.

AIDS HEALTHCARE FOUNDATION, INC.,

        Defendant.

_____/



## AIDS HEALTHCARE FOUNDATION'S UNOPPOSED MOTION TO FILE REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS UNDER SEAL

Defendant AIDS Healthcare Foundation, Inc. ("AHF"), pursuant to Local Rule 5.4, respectfully moves the Court for an order granting AHF leave to file under seal an unredacted copy of its Reply Memorandum in Support of its Motion to Dismiss the Third Amended Complaint ("Reply Brief"). In support of this motion, AHF states:

1.    On July 10, 2015, with leave from the Court, the plaintiffs filed a Third Amended Complaint (the "Complaint"). *See* (DE 59). The plaintiffs moved to file an unredacted version of the Complaint under seal because it "contains sensitive health information about individuals who have been diagnosed with HIV." *See* (DE 61 at ¶ 1). The Court granted the motion, and an unredacted version of the Complaint was filed under seal. *See* (DE 66).

2.    On July 22, 2015, the Court entered a Protective Order that, among other things, requires the parties to file under seal any papers with the Court containing HIPAA-protected information as well as health or medical information protected under state law. *See* (DE 65 at §

8). The Protective Order instructs the parties to file redacted versions of motions that contain such information, and to file the unredacted version under seal. *See id.*

3.  On August 7, 2015, AHF moved the Court to file under seal a Motion to Dismiss the Complaint, which discussed, among other things, the allegations in the sealed Complaint relating to sensitive AHF patient information, and which enclosed a AHF document containing sensitive and protected AHF patient information—specifically, patient information relating to services rendered by AHF, and to payment for those services. *See* (DE 71). As previously stated, although there is reason to believe that the AHF patient whose medical information is at issue has already publicly disclosed his health condition, AHF will maintain the confidentiality of this patient information until and unless the Court orders otherwise. The Court granted AHF's motion to file an unredacted version of its Motion to Dismiss under seal. *See* (DE 83).

4.  On September 15, 2015, the plaintiffs moved the Court to file their response memorandum in opposition to the Motion to Dismiss under seal, because it discusses the AHF patient information contained in the Motion to Dismiss as well as sensitive, non-public information set forth in the sealed Complaint. *See* (DE 81). The Court granted that motion. *See* (DE 83).

5.  Here, in connection with the final round of briefing on the sealed Motion to Dismiss, AHF respectfully seeks to file an unredacted version of its Reply Brief under seal, to ensure the privacy of sensitive AHF patient information pertinent to the Motion to Dismiss.

6.  Based on these facts, an order granting AHF leave to file its unredacted Reply Brief under seal is appropriate and justified. In *Romero v. Drummond*, the Eleventh Circuit set forth the standard for deciding whether sealing a court filing is appropriate:

> The common law right of access [to court filings] may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential. Whether good cause exists ... is ... decided by the nature and character of the information in question. In

> balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information.

*See* 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotations and citations omitted).

7.  Under the *Romero* standard, good cause exists to seal AHF's Reply Brief, because it addresses arguments set forth in the sealed Motion to Dismiss (and the plaintiff's sealed opposition to the motion)—as well as allegations in the sealed Complaint—regarding protected patient information about AHF patients who have allegedly tested positive for HIV. Indeed, in the Protective Order, the Court ordered that the parties redact any such information in public filings. Moreover, except by making a sealed submission, there is no alternative means by which AHF can address in its Reply Brief the sensitive, non-public information in the sealed Complaint and briefing papers on the sealed Motion to Dismiss.

8.  Accordingly, AHF respectfully submits that an order permitting it to file under seal an unredacted version of the Reply Brief should be entered.

For the foregoing reasons, AHF respectfully requests that the Court grant it leave to submit an unredacted version of Reply Brief under seal.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Counsel for AHF has conferred with counsel for the plaintiffs regarding the relief sought herein, and the plaintiffs do not object to the sealing of AHF's unredacted Reply Brief.

DATED: September 28, 2015   Jeffrey A. Neiman – Bar No. 544469
jneiman@mnrlwfirm.com

Jeffrey E. Marcus – Bar No. 310890
jmarcus@mnrlawfirm.com
**MARCUS NEIMAN & RASHBAUM LLP**
100 Southeast Third Avenue, Suite 805
Fort Lauderdale, FL 33394
Tel: (954) 462-1200
Fax: (954) 688-2492

Paul S. Chan – CA State Bar No. 183406
Marc E. Masters – CA State Bar No. 208375
**BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Mitchell Kamin – CA State Bar No. 202788
mkamin@cov.com
**COVINGTON & BURLING LLP**
2029 Century Park East, Suite 3100
Los Angeles, CA 90067-3044
T +1 424 332 4759

By: _____/JN_____

Attorneys for Plaintiff AIDS Healthcare Foundation, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2015, a true and correct copy of the foregoing was served via e-mail on all counsel or parties of record on the service list.

By: /s/ _____
     Jeffrey A. Neiman