UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO: 0:14-cv-61301-KMW

UNITED STATES OF AMERICA and THE STATE
OF FLORIDA ex rel., JACK CARREL, MAURICIO
FERRER, and SHAWN LOFTIS,

        Plaintiffs,

v.

AIDS HEALTHCARE FOUNDATION, INC.,

        Defendant.

_____/

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

    Plaintiffs respectfully move this Court under Local Rule 7.1(c) for leave to file a sur-reply in opposition to Defendant AHF's Motion To Dismiss The Third Amended Complaint to address two discrete arguments made by AHF for the first time in its reply brief.

    First, after completely ignoring the Eleventh Circuit's decision in *U.S. ex rel. Mastej v. Health Management Associates*, 591 Fed. Appx. 693 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 2379 (2015), in its motion to dismiss the Third Amended Complaint, AHF for the first time in its reply asserts that "the prior panel precedent rule prohibits district courts within the Eleventh Circuit from following *Mastej*." AHF Reply Br. at 11. This argument fails most simply on account of its incorrect premise that *Mastej* is in conflict with *U.S. ex rel. Clausen v. Lab. Corp.*

*of Am., Inc.*, 290 F.3d 1301 (11th Cir. 2002).[1]  As explained in Plaintiffs' opposition brief, *Mastej* does not conflict with *Clausen*'s requirement that relators allege "some indicia of reliability" that false claims were submitted to the government.  Instead it <u>applied</u> *Clausen* to the kickback allegations before it and concluded that *Clausen*'s requirement was satisfied where a relator has "direct, first-hand knowledge of the defendants' submission of false claims gained through [his] employment with the defendants."  *Mastej*, 591 Fed. Appx. at 704; *see* Plaintiffs' Opp. Br. at 1-5.  Indeed, this is precisely the fact-specific approach that *Clausen* and its progeny direct.  *See U.S. ex rel. Atkins v. McInteer*, 470 F. 3d 1350, 1358 (11th Cir. 2006) (courts should evaluate "whether the allegations of a complaint contain sufficient indicia of reliability to satisfy Rule 9(b) on a case-by-case basis.")

That the Eleventh Circuit in *Mastej* did not contradict *Clausen*, and in fact faithfully applied it to the kickback claims there at issue, is apparent from the language of the *Mastej* opinion itself, which was written by Judge Hull, who authored the *Clausen* decision twelve years earlier.  *See e.g., Mastej*, 591 Fed. Appx. at 704 (citing *Clausen* approvingly).  Accordingly, neither the "prior panel precedent rule" nor any other rule of procedure "prohibits district courts within the Eleventh Circuit from following *Mastej*."  To the contrary, *Mastej* is good law and persuasive authority that reflects the current approach of the Eleventh Circuit and should be (and has been) applied by district courts in conjunction with *Clausen* and other relevant circuit authority.  *See U.S. ex rel. Willis v. Southerncare, Inc.*, 2015 WL 5278413, at *3 (S.D. Ga. Sept. 9, 2015) (applying both *Clausen* and *Mastej*, and denying in part a motion to dismiss where relator did "not provide details of individual allegedly false claims by billing code or date"

---

[1] AHF states that "This conflict between *Mastej* and *Clausen* has been highlighted in other Eleventh Circuit rulings," but cites only to two decisions from 2007 and 2010, the latter of which was still four years before *Mastej* was decided.  AHF Reply Br. at 11-12.

because "there is no per se rule that a FCA complaint must provide exact billing data or attach a representative sample claim") (quoting *Mastej*).

Second, AHF misleadingly cites to language in a <u>proposed</u> federal rule from 1989, which was not included in the final rule, as representing the present view of the Office of Inspector General with regard to the Anti-Kickback Statute's employee safe harbor. AHF Reply Br. at 24.[2] It does so despite Plaintiffs having cited two OIG reports that long post-date this proposed rule and express clearly OIG's position under the regulations that were adopted that the safe harbor applies only to money paid for covered items or services provided or furnished by an employee that are reimbursable by a federal healthcare program and not merely to induce third party referrals. *See* Plaintiffs' Opp. Br. at 35 n.13. In fact, *U.S. v. Halifax Hospital Medical Center*, 2013 WL 6196562 (M.D. Fla. Nov. 26, 2013), which AHF inaccurately cites in support of its argument, applied the employee safe harbor provision where the payments at issue were for "personally performed services" of the employees who received those payments. *Id.* at *2.

Therefore, Plaintiffs respectfully move for leave to file a sur-reply of no more than 5 pages to address AHF's incorrect and misleading arguments made in its reply brief.

**Rule 7.1(A)(3) Certificate**

On September 29, 2015, counsel for Plaintiffs conferred with counsel for Defendant in a

---

[2] AHF cited to this proposed rule in a footnote in its initial motion to dismiss but only in its reply claimed that it represents the current view of OIG. *Compare* AHF's Motion at 18 n.8 *with* AHF Reply Br. at 24.

3

good faith effort to resolve the issues raised in the motion and has been unable to do so.

Dated: September 29, 2015         Respectfully submitted,

/s/Diana L. Martin, Esq.
Diana L. Martin
Florida Bar No.: 624489
Email: dmartin@cohenmilstein.com
Cohen Milstein Sellers & Toll, PLLC
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone: (561) 515-1400
Facsimile: (561) 515-1401

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

By:   /s/Diana L. Martin, Esq.
Diana L. Martin
Florida Bar No.: 624489
Cohen Milstein Sellers & Toll, PLLC

4

**Service List**

James P. Gitkin, Esq.
jim@salpetergitkin.com
SALPETER GITKIN, LLP
One East Broward Boulevard
Suite 1500
Fort Lauderdale, FL 33301
(954) 467-8622
*Co-Counsel for Relators*
**Served via CM/ECF**

Geoffrey R. Kaiser, Esq.
gkaiser@kaiserfirm.com
KAISER LAW FIRM, PLLC
926 RXR Plaza
Uniondale, NY 11556
(516) 570-3071
*Co-Counsel for Relators*
**Served via CM/ECF**

Mitchell A. Kamin, Esq.
mak@birdmarella.com; lak@birdmarella.com
Marc E. Masters, Esq.
mem@birdmarella.com;
cmd@birdmarella.com
Paul S, Chan, Esq.
psc@birdmarella.com; em@birdmarella.com
Bird Marella
1875 Century Park West, Suite 2300
Los Angeles, CA 90067
Phone: (310) 201-2100
Fax: (310) 201-2110
*Attorneys for Aids Healthcare Foundation*
**Served via CM/ECF**

Stephen H. Thomas, Jr.
Stephen.thomas@myfloridalegal.com
Office of the Attorney General
Medicaid Fraud Control Unit
PL-01, The Capitol
Tallahassee, FL 32339
(850) 414-3883
**Served via CM/ECF**

Elisa Castrolugo, Esq.
Elisa.castrolugo@usdoj.gov
Susan Torres
Susan.Torres@usdoj.gov
United States Attorney's Office
99 N.E. 4th Street, 3rd Floor
Miami, FL 33132
**Served via CM/ECF**

Brian E. Dickerson, Esq.
bdickerson@ralaw.com
Robert B. Graziano, Esq.
rgraziano@ralaw.com
Roetzel & Andress, LPA
350 E. Las Olas Blvd, Suite 150
Fort Lauderdale, FL
Phone: (954) 462-4150
Fax: (954) 462-4260
*Attorneys for Aids Healthcare Foundation*
**Served via CM/ECF**