UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO: 0:14-cv-61301-KMW

UNITED STATES OF AMERICA and THE STATE OF FLORIDA ex rel., JACK CARREL, MAURICIO FERRER, and SHAWN LOFTIS,

Plaintiffs,

v.

AIDS HEALTHCARE FOUNDATION, INC.,

Defendant.

_______________________________________/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SIXTY DAY EXTENSION OF JANUARY 10, 2017 SUMMARY JUDGMENT DEADLINE**

Plaintiffs oppose Defendant's motion to extend the deadline to file their motion for summary judgment regarding the applicability of 42 U.S.C. §1320a-7b(b)(3)(B) to the representative false claims because Defendant has failed to demonstrate good cause for such an extension.

1. Defendant's decision to retain new counsel less than two months before the Court-ordered deadline to file motions for summary judgment regarding the applicability of 42 U.S.C. §1320a-7b(b)(3)(B) does not amount to good cause for extending that deadline. Otherwise, a party could simply change counsel whenever it desires to change court-imposed deadlines. *See Byrne v. Crist*, 8:10-CV-1187-T-26MAP, 2011 WL 1042314, at *1 (M.D. Fla. Mar. 22, 2011). Furthermore, Defendant's in-house counsel has been actively involved in the litigation, as recognized by Defendant's current counsel (see attached Exhibit 1, email from Defendant's current counsel expressing that "AHF's in-

house attorneys are actively involved in this litigation" and D.E. 124-127). Thus, rather than *changing* counsel, Defendant has merely *added* additional counsel, which should not necessitate an extension of time.

2. Defendant also claims that it needs more time because, in responding to Plaintiffs' request for production, it has "encountered delays in retrieving" emails of the relators from the time they were AHF employees and such emails "may bear on arguments to be made" in their summary judgment motion. But Defendant has failed to explain *how* these emails may bear on this motion, which is to focus solely on the applicability of the safe harbor defense under 42 U.S.C. §1320a-7b(b)(3)(B) to Defendant's conduct in paying its linkage coordinator employees bonuses in order to induce referrals of individuals into treatment with AHF for services reimbursable by a Federal health care program. The emails of the relators, none of whom were linkage coordinators, are not likely to have any bearing on Defendant's safe harbor defense, and Defendant's inability to promptly retrieve those emails does not warrant the requested 60-day extension.

Because Defendant has failed to demonstrate good cause for the requested 60-day extension of time, Plaintiffs respectfully request the Court deny the motion.

Dated: December 15, 2016

s/DIANA L. MARTIN
DIANA L. MARTIN (Florida Bar No.: 624489)
Email: dmartin@cohenmilstein.com
Cohen Milstein Sellers & Toll, PLLC
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone: (561) 515-1400
Facsimile: (561) 515-1401

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

s/DIANA L. MARTIN
DIANA L. MARTIN (Florida Bar No.: 624489)
Email: dmartin@cohenmilstein.com
Cohen Milstein Sellers & Toll, PLLC
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone: (561) 515-1400
Facsimile: (561) 515-1401