**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF FLORIDA *ex rel.* JACK CARREL, MAURICIO FERRER and SHAWN LOFTIS,<br><br>Plaintiffs,<br><br>v.<br><br>AIDS HEALTHCARE FOUNDATION, INC.,<br><br>Defendant. | Case No. 14–cv–61301–KMW<br><br>Judge Kathleen M. Williams |

**REPLY BRIEF IN SUPPORT OF AIDS HEALTHCARE FOUNDATION INC.'S MOTION FOR SIXTY DAY EXTENSION OF JANUARY 10, 2017 SUMMARY JUDGMENT DEADLINE**

## I. INTRODUCTION

AHF seeks a modest, 60 day extension of the Scheduling Order's January 10, 2017 deadline for the filing of dispositive motions relating to the applicability of the Employee Safe Harbor.[1] Relators refuse to consent to any extension. Yet, they make no claim of prejudice.[2] Instead, they argue that no extension is needed because, while AHF has retained new outside counsel, it has the same in-house counsel. This ignores outside counsel's role in litigation. It also ignores that Relators have actively impeded AHF's new counsel's ability to get up to speed, including by filing a frivolous—now withdrawn—motion accusing AHF of criminal witness tampering. Notwithstanding this, AHF's new counsel has been diligent in reviewing the record in this case (Relators do not contend otherwise). A reasonable extension of the January 10 deadline will not prejudice Relators, and aid in AHF's new counsel's efforts to transition into this case.

[1] ECF No. 106 (Scheduling Order) at 2.
[2] ECF No. 145 (Opp. Br.).

Additionally, Relators downplay the significance of e-mails that AHF was able to collect only recently. But those documents directly contradict, for example, lead Relator Jack Carrel's statements in the press that the challenged employee bonuses were hidden (not only were they disclosed to government officials, AHF received Ryan White Part B funds relating to its Linkage to Care Program more generally). As described below, AHF is diligently continuing its review of these documents, and believes they may well bear on its defenses, including under the Employee Safe Harbor.

At bottom, AHF seeks narrow relief—it does not seek a stay of discovery, or the extension of the trial date or any other deadline. In light of AHF's diligence, the narrow relief it seeks, and the lack of any prejudice to Relators, the Court should grant the Motion.

## II. ARGUMENT

Relators make two arguments in their Opposition. Both miss the mark. **First**, Relators argue that AHF's decision to retain new counsel does not justify an extension because "[o]therwise, a party could simply change counsel whenever it desires to change court-imposed deadlines."[3] For this proposition, Relators cite *Byrne v. Crist*, 2011 WL 1042314, at *1 (M.D. Fla. Mar. 22, 2011). But in that case, the defendants argued that new counsel's retention justified the submission of expert disclosures after a deadline had lapsed. *Id.* That is not the case here. Moreover, any concern about a party retaining new counsel in bad faith to extend deadlines is inapplicable here. Relators do not challenge AHF's new counsel's diligence in getting up to speed,[4] and the only deadline AHF seeks to extend is for the filing of certain dispositive motions.

---

3 ECF No. 145 (Opp. Br.) at ¶ 1.

4 Since being retained, AHF's new counsel has been diligently studying the record in this case, including (a) discovery that has been served to date (and responses thereto); (b) documents that have been produced by both sides; (c) filings with the Court; and (d) transcripts of prior hearings. AHF's new counsel has also been diligently responding to, and pursuing, discovery. For example, on December 9, AHF's new counsel served Relators with a

Relators also argue that "Defendant's in-house counsel has been actively involved in the litigation," and thus there is no need for an extension.[5] For this proposition, Relators cite an e-mail from AHF's new counsel about modifying the Stipulated Protective Order to allow AHF's in-house counsel to review Attorneys' Eyes' Only materials.[6] Obviously, in-house counsel are "actively involved in this litigation" in a way that justifies their access to AEO documents. But that has nothing to do with whether a change in outside counsel merits a short extension here.

In fact, it is Relators' counsel who has actively impeded outside counsel's efforts in getting up to speed. For example, on the day after AHF's new counsel was retained, Relators filed a motion—submitting no evidence—accusing AHF of criminal witness tampering.[7] Over the span of one week immediately after being retained on November 17, AHF's new counsel was forced to spend time it otherwise could have spent reviewing the record and speaking with its client about matters of substance preparing an opposition to Relators' motion.[8] In that opposition, AHF explained (with evidence) that Relators' motion was frivolous, and noted that it was *Relators' counsel* who had falsely suggested (in writing) that it represented "John Doe 2," an unrepresented third party in this case.[9] On December 6, Relators voluntarily withdrew their motion based on an AHF document production that had taken place *one week* before AHF even filed its opposition.[10] Relators cannot credibly argue that the retention of new counsel "does not

---

further set of interrogatories, and corresponded with Relators' counsel concerning Relators' responses to the discovery served by prior counsel. On December 12, AHF's new counsel met with AHF's 30(b)(6) witness. The next day, AHF's new counsel defended the 30(b)(6) deposition. In addition, AHF's counsel has been responsive to Relators' counsel's correspondence concerning a host of issues.

[5] ECF No. 145 (Opp. Br.) at ¶ 1.

[6] ECF No. 145-1.

[7] ECF No. 129.

[8] ECF No. 137.

[9] ECF No. 137 at 5.

[10] ECF No. 144.

amount to good cause" for extending the January 10 motion deadline when Relators' conduct is itself to blame for slowing new counsel's ability to get up to speed.[11]

**Second**, Relators argue that the delay AHF has encountered in collecting Relators' e-mails (from when they were AHF employees) does not merit an extension.[12] Relators do not dispute that the delay AHF experienced in collecting these e-mails was, as AHF explained in the Motion,[13] beyond AHF's control and despite its diligence. And Relators' contention that the e-mails are not "likely to have any bearing on Defendant's safe harbor defense" goes too far.

Consider an example. In an interview that is hyperlinked on Relators' counsel's website,[14] the lead Relator (Jack Carrel) stated that the "linkage" bonuses challenged in this case could not have been discovered "unless an agency did a really deep, deep audit. . . ."[15] But e-mails that were collected after the Motion was filed show that such bonuses were *disclosed* to government officials from the State of Florida Department of Health, not just in a signed agreement but also in correspondence, including e-mails on which Mr. Carrel was a sender and recipient.[16] (Further to disclosure issues, claims submitted for one of the "Representative" patients were paid even in 2016, *long after* this lawsuit was filed and *long after* the United States and the State of Florida had *actually reviewed* Relators' allegations and declined to intervene.) These documents also show that AHF received Ryan White Part B funding expressly relating to

---

[11] AHF has since asked Relators' counsel to (a) explain why they waited so long to withdraw the motion and (b) provide any and all evidentiary support for the allegations therein. Relators' counsel has thus far refused to provide a written response to those questions, and the parties are meeting and conferring.

[12] ECF No. 145 (Opp. Br.) at ¶ 2.

[13] ECF No. 143 (Motion) at 3.

[14] Relators' counsel's website links to an article relating to Mr. Carrel's allegations, which in turn links to the full interview. *See* http://www.cohenmilstein.com/case-study/united-states-america-et-al-v-aids-healthcare-foundation-inc (linking to http://www.hivplusmag.com/stigma/law-crime/2015/04/14/whistleblower-speaks-out-against-ahf).

[15] http://www.hivplusmag.com/stigma/law-crime/2015/04/14/one-one-chat-ahf-whistleblower-jack-carrel.

[16] AHF does not submit these documents with this brief, but will do so if the Court wishes. AHF nonetheless intends to do so when filing a summary judgment or other motion that cites to them substantively.

its Linkage to Care Program.[17] Thus, while AHF is still assessing the arguments it might make in this regard, it may well cite to this type of evidence in arguing that, under the Safe Harbor, the amounts paid to the Linkage Coordinator at issue in this case were "for employment in the provision of covered items or services."[18]

## III. CONCLUSION

For the foregoing reasons, and those described in the Motion, AHF respectfully requests a 60 day extension (to March 13, 2017) of the January 10, 2017 deadline set forth in the Court's Scheduling Order (ECF No. 106).[19]

---

[17] This is just one example. Several e-mails also bear on the role Linkage Coordinators played within AHF, and may thus be relevant to AHF's defenses in this case as well, including under the Safe Harbor.

[18] 42 U.S.C. § 1320a-7b(b)(3)(B) (emphasis added). These facts relate to other issues as well, including scienter. *See United States ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 952 (10th Cir. 2008) ("The 'government knowledge inference' helps distinguish, in FCA cases, between the submission of a false claim and the *knowing* submission of a false claim—that is, between the presence and absence of scienter. This inference arises when the government knows and approves of the facts underlying an allegedly false claim prior to presentment. A classic example is when the government, with knowledge of the facts underlying an allegedly false claim, authorizes the contractor to make that claim. In such a situation, an inference arises that the contractor has not 'knowingly' presented a fraudulent or false claim.") (collecting cases) (internal citation omitted).

[19] To the extent the Court is disinclined to grant a 60 day extension, AHF requests at least a 30 day extension.

DATED: December 16, 2016

Respectfully Submitted,

By: /s/ Michael A. Pineiro

Michael A. Pineiro (Bar No. 041897)
mpineiro@mnrlawfirm.com
Jeffrey A. Neiman (Bar No. 544469)
jneiman@mnrlawfirm.com
MARCUS NEIMAN & RASHBAUM LLP
100 Southeast Third Avenue, Suite 805
Fort Lauderdale, Florida 33394
Telephone: (954) 462–1200
Facsimile: (954) 688–2492

David I. Horowitz
david.horowitz@kirkland.com
Jay L. Bhimani
jay.bhimani@kirkland.com
Gavin C.P. Campbell
gavin.campbell@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Admitted Pro Hac Vice*

*Attorneys for Defendant AIDS Healthcare Foundation, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 16, 2016, I served a true and correct copy of the foregoing reply memorandum on all counsel of record via CM/ECF.

/s/ Michael A. Pineiro